ALCAIDE, PLAINTIFF AND APPELLEE, *v.* ALCAIDE, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Guayama in an Action for
Temporary Support.

No. 1507.—Decided May 22, 1917.

SUPPORT—FILIATION—CIVIL REGISTER—ACKNOWLEDGMENT.—Whatever may have
been the scope of the temporary Civil Register Law for Cuba and Porto
Rico formerly in force, which provided that a signed record could not be
corrected, added to or amended to change materially the act to which it
referred, except by virtue of an order of the proper court after hearing the
district attorney, it cannot be successfully invoked to defeat a claim for
temporary support in which, in order to prove the acknowledged filiation
which determines the right claimed, there is admitted in evidence without
objection a public document of acknowledgment, as is the birth certificate
of the person entitled to support, bearing a marginal note of acknowledg-
ment signed by the father and witnesses before the municipal judge and
his secretary.

ID.—RES JUDICATA.—A judgment rendered in an action for temporary support
is not *res judicata* and always reserves to the parties the right to bring a
plenary action for permanent support to litigate in the proper declaratory
proceeding the right to support, the obligation to give it and the amount
thereof.

ID.—ACKNOWLEDGMENT—EVIDENCE.—In another action pending for the nullity
of the acknowledgment the plaintiff may set up all his grounds in support
of his contention, and while that action is pending the birth certificate bear-
ing the said marginal note of acknowledgment is sufficient evidence of the
right to temporary support.

The facts are stated in the opinion.

*Messrs. Alvarez Nava & Domínguez* for the appellant.

*Mr. Manuel Benítez Flores* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

This is an appeal by defendant Simón Antonio Alcaide
from a judgment of the District Court of Guayama of March
9, 1916, ordering the said defendant to pay fifty dollars
monthly in advance to plaintiff María de los Dolores Alcaide
y Morales for her support from the date of the filing of the
complaint, or September 13, 1915.

It is alleged as a fundamental fact in the complaint, which
is verified by the guardian *ad litem* of the minor plaintiff,

that the latter, who is seventeen years of age, is the acknowledged natural daughter of Simón A. Alcaide and María Morales, appearing registered as such in the Civil Registry of Guayama; and based upon this and other allegations peculiar to actions of this class, judgment is prayed for ordering that the defendant pay to the plaintiff one hundred dollars monthly for her support.

The defendant opposed the complaint and the case having been tried according to the procedure in actions of unlawful detainer, as prescribed by section 84 of the Act relating to special legal proceedings, approved March 9, 1905, judgment was rendered as hereinbefore stated.

In support of his appeal the appellant contends that the Guayama court erred in holding that the documents introduced by the plaintiff at the trial constituted an acknowledgment by the defendant that the plaintiff was his natural child, as he understands that the acknowledgment was not made in any of the ways provided by article 131 of the Spanish Civil Code, which was in force at the time such acknowledgment was made.

The only evidence of the acknowledgment of the plaintiff as the natural child of the defendant introduced at the trial was the certificate of the record of her birth in the Civil Registry of Arroyo on March 21, 1898, before the municipal judge and his secretary, in which it is shown by the statement of María Morales that María de los Dolores was born on December 23 of the preceding year and is her natural daughter, the following marginal note appearing on the said record:

"NOTE. On October 3, 1900, at 10 a. m., before José García Salinas, municipal judge, and José Aponte Hernández, came Simón A. Alcaide y Báez, a native of this town, thirty-five years of age, single, landowner and residing on Morse Street of this town, and said: That pursuant to article 131 of the present Civil Code he acknowledges that María de los Dolores, the child whose birth is here registered, is his natural child; that her paternal grandparents are

Antonio J. Alcaide and Estela Báez, the former a native of Andalucía and the latter of Arroyo, both deceased, all of which he states before witnesses Eugenio C. de Manatou and Nazario Antonetti, of age and residents of this town, single and employees, who, together with the principal, affix their signatures after that of the municipal judge. I certify. García Salinas, S. A. Alcaide, E. C. de Manatou, Nazario Antonetti, José Aponte. There is a seal reading, 'Court of First Instance, Guayama.' There is another seal reading, 'Municipal Court of Arroyo, P. R.' ''

That evidence was admitted at the trial without any opposition or objection on the part of the defendant and he is bound by the results thereof. *Falero* v. *Falero,* 15 P. R. R. 111; *Belber* v. *Calvo,* 16 P. R. R. 342; *People* v. *Silva,* 17 P. R. R. 577; *Coto* v. *Rafas et al.,* 18 P. R. R. 493; *Hernández* v. *F. Carrera & Brother et al.,* 22 P. R. R. 502. It establishes as an actual and indisputable fact that the defendant, of his own initiative, voluntarily and spontaneously appeared before the municipal judge of Arroyo, his secretary and two witnesses, and in a certificate executed at his request and signed by all present on October 3, 1900, acknowledged María de los Dolores, the plaintiff, as his natural child, the said acknowledgment being recorded as a marginal note to the registry of birth of the plaintiff.

It was a solemn and authentic act of acknowledgment of the plaintiff, a true record of which was entered in the Civil Registry of Arroyo, and that acknowledgment, whose validity has not been denied, must be given its full legal effect. *Pérez Villamil et al.* v. *Romano et al.,* 19 P. R. R. 832; *Iturrino* v. *Iturrino,* 24 P. R. R. 439.

The appellant contends that the so-called acknowledgment of the plaintiff on the record of her birth can have no legal effect, inasmuch as the provisional Civil Registry Law for the Islands of Cuba and Porto Rico then in force prescribes that after a record is signed no ratification, addition or amendment can be made thereto which materially changes

the act referred to, except by virtue of an order of the court of jurisdiction after hearing the prosecuting attorney. Whatever may be the scope of the foregoing statute in an action to annul an acknowledgment, it can never be successfully invoked to defeat a claim for temporary support in which, for the purpose of proving the acknowledged filiation on which the right claimed is based, a public document of acknowledgment, as is the act which we have transcribed, is introduced in evidence without any objection. A judgment rendered in an action for temporary support is not *res judicata* and the parties always retain the right to bring a plenary action for permanent support, litigating in the corresponding declaratory action the right to demand the same, the obligation to give it and the amount thereof.

In his answer the defendant alleged that there was another suit pending before the said court of Guayama, the result of which would determine the true civil status of the plaintiff, and the evidence introduced on that point by the defendant himself shows that on September 17, 1915, after this action was begun, a complaint was filed by Simón A. Alcaide in the office of the secretary of the said court against María Morales praying for the annulment of the acknowledgment made by Alcaide in favor of this plaintiff. In that action the appellant can allege whatever reasons he may have in support of the nullity of the acknowledgment, but until it is adjudged null and void we must regard the evidence adduced in the present action as sufficient to support the claim of the plaintiff. See the case of *Manrique de Lara* v. *Garrosi,* 23 P. R. R. 378.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.